# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>               Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>               Plaintiff,<br><br>   vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>               Defendants. | Adversary No.: 10-05022 |

## SEPARATE ANSWER OF THE DEFENDANT RICHARD OLSON TO PLAINTIFF'S COMPLAINT

The Defendant, Richard Olson, for his separate answer to Plaintiff's complaint, states as follows:

1. Unless specifically admitted, this answering Defendant denies each and every allegation in Plaintiff's complaint.

2. Paragraph No. 1 contains a statement of the legal claim asserted by Plaintiff and thus, need not be admitted or denied by this answering Defendant.

3. Paragraphs 2 through 6 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those

paragraphs concern the two Count VII's of the Trustee's complaint, the same, as they relate to, this answering Defendant are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

4. The allegations in paragraph 7 of the complaint are specifically denied.

5. This answering Defendant admits the allegations in paragraph 8 of Plaintiff's complaint to the extent that the subject property was tendered by the Debtor to the Defendant, Royal Jewelers, to be appraised. During the time period referenced in paragraph 8 of the complaint, this answering Defendant had no knowledge that the Debtor was proceeding improperly, illegally or in violation of Plaintiff's claims in or to the subject property. When the Defendant, Royal Jewelers, became aware of Plaintiff's interests, the assets in question were immediately turned over to the Plaintiff.

6. Paragraph 9 of Plaintiff's complaint summarizes the legal claims asserted by the Plaintiff and thus, need not be admitted or denied by this answering Defendant.

7. Admits paragraphs 10 and 11 of Plaintiff's complaint.

8. Paragraphs 12 through 13 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those paragraphs concern the two Count VII's of the Trustee's complaint, the same, as they relate to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

9. The allegations in paragraph 14 are admitted, however, the majority of the statements in paragraph 14 have absolutely no relevance with respect to any of Plaintiff's claims in this action.

10. Paragraph 15 of the complaint does not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in this paragraph concerns the two Count VII's of the Trustee's complaint, the same, as they relate to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

11. Paragraphs 16, 17 and 18 of Plaintiff's complaint contain statements of law that need not be admitted or denied by this answering Defendant.

12. Denies the allegations in paragraph 19 of Plaintiff's complaint.

13. This answering Defendant admits the allegations in paragraphs 20 through 23 of Plaintiff's complaint, only insofar as the Debtor had various business relationships with this answering Defendant and was an acquaintance of this answering Defendant and Charles and Brent Olson.

14. This answering Defendant admits the allegations in paragraphs 24, 25 and 26 of Plaintiff's complaint only to the extent it is alleged that Debtor had a business relationship with Royal Jewelers.

15. Paragraphs 27 through 90 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those

paragraphs concern the two Count VII's of the Trustee's complaint, the same, as they relate to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

16. Admits to the allegations in paragraphs 91, 92 and 93 of Plaintiff's complaint to the extent it is alleged therein that within the year prior to the filing of this bankruptcy case, the Debtor paid Royal Jewelers $85,000.00 and Royal Jewelers extended new value to the Debtor of at least $60,480.00.

17. Admits the allegations in paragraph 94 of Plaintiff's complaint, to the extent it is alleged that a payment was made by the Debtor to Richard Olson on or about March 20, 2009. That payment was not an account of an antecedent debt and subsequent to that payment this answering Defendant gave new value to the Debtor in excess of $100,000.00.

18. Denies the allegations in paragraph 95 of Plaintiff's complaint.

19. Admits the allegations in paragraphs 96 through 111 of Plaintiff's complaint, only to the extent it is alleged therein that the Debtor delivered certain property to the Defendant Royal Jewelers, asking that Royal Jewelers appraise the same. At the time the property was received from the Debtor, Royal Jewelers had no knowledge of any improper or illegal conduct by the Debtor with respect to said property and/or any claim by the Trustee to the same. When Royal Jewelers learned of the Trustee's claim to the property, the property was immediately delivered to the Trustee.

20. Paragraphs 112 through 128 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those

paragraphs concern the two Count VII's of the Trustee's complaint, the same, as they relate to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

21. Admits the allegations in paragraphs 130 through 132 of Plaintiff's complaint.

22. Denies the allegations in paragraph 133 of Plaintiff's complaint.

23. Lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 134 and 135 of Plaintiff's complaint, and thus denies the same, placing Plaintiff on his strict proof in connection therewith.

24. Denies the allegations in Paragraphs 136 through 138 of Plaintiff's complaint.

25. Admits the allegations in paragraphs 139 and 141 of Plaintiff's complaint, to the extent it is alleged therein that within the year prior to Debtor's bankruptcy filing, the Debtor paid Royal Jewelers $85,000.00 on debts owed to Royal Jewelers.

26. Denies the allegations in paragraph 142 of Plaintiff's complaint.

27. Admits the allegations in paragraphs 143 and 144 of Plaintiff's complaint.

28. Lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraphs 145 and 146 of Plaintiff's complaint, and thus denies the same, placing Plaintiff on his strict proof in connection therewith.

29. Denies the allegations in paragraphs 147 through 149 of Plaintiff's complaint.

30. Paragraphs 150 through 152 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those paragraphs concern the two Count VII's of the Trustee's complaint, the same, as they relate

to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute counts for equitable subordination or equitable disallowance.

31. Denies the allegations in paragraphs 154 and 155 of Plaintiff's complaint.

32. Paragraphs 157 through 161 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant under the two Count VII's of the complaint. To the extent the allegations in those paragraphs concern the two Count VII's of the Trustee's complaint, the same as they relate to this answering Defendant, are denied. Any actions taken by this answering Defendant referenced in those paragraphs would not constitute cause for equitable subordination or equitable disallowance.

33. Denies the allegations in paragraphs 163 through 165 and 167 through 168 of Plaintiff's complaint, insofar as to allegations relate to the Trustee's claims against this answering Defendant.

34. Paragraphs 170 through 173 of the complaint do not relate to the claims against this answering Defendant, other than conceivably the Trustee's claims against this answering Defendant.

35. Plaintiff's complaint fails to state any causes of action upon which relief can be granted.

36. Pending the completion of discovery, this answering Defendant reserves the right to amend this answer to assert any defenses that must be affirmatively plead including, but not limited to those defenses referenced in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure.

37. Plaintiff in his complaint seeks to improperly join claims against the Defendants. The Plaintiff should be required to pursue a separate adversary proceedings against this answering Defendant.

WHEREFORE, this answering Defendant prays for judgment on Plaintiff's complaint as follows:

1. For the dismissal of Plaintiff's complaint with prejudice and the denial of any relief there under.

2. For his costs and disbursements incurred herein.

3. For such other and further relief as this court deems just and equitable.

Dated this 21st day of July, 2010.

**VOGEL LAW FIRM**

BY: /s/ Jon R. Brakke _____
Jon R. Brakke (#03554)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
ATTORNEYS FOR ROYAL JEWELERS, INC.
AND RICHARD OLSON

# DEMAND FOR JURY TRIAL

This answering Defendant demands trial by jury of all allegations against him that are triable to a jury, with the jury to be of maximum number permitted by law.

Dated this 21st day of July, 2010.

**VOGEL LAW FIRM**

BY:/s/ Jon R. Brakke
Jon R. Brakke (#10765)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  (701) 237-6983
Fax:  (701) 356-6395
ATTORNEYS FOR ROYAL JEWELERS, INC.
AND RICHARD OLSON

959106.1

RE: **Dennis E. Hecker, Bankruptcy No. 09-50779**
**Randal L. Seaver, Trustee v. Cornerstone Bank, Royal Jewelers, Inc.**
**Cornerstone Holding Company, Inc. and Richard Olson**
**Adversary No. 10-05022**
**Chapter 7 Case**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) ss | CERTIFICATE OF SERVICE |
| COUNTY OF CASS | ) | |

Sonie J. Thompson, being first duly sworn on oath, does depose and say she is of legal age and not a party to or interested in the above entitled matter.

On July 21, 2010, affiant served the following documents:

**SEPARATE ANSWER OF DEFENDANTS ROYAL JEWELERS, INC. AND RICHARD OLSON TO PLAINTIFF'S COMPLAINT**

by CM/ECF to all peoples listed through the Court's database in regards to this case and the following:

<u>Sonie J. Thompson</u>
Lori Thrall

Subscribed and sworn to before me this 21st day of July, 2010.

<u>/s/Karen Blixt</u>
(SEAL)    Notary Public