UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>                Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>                Plaintiff,<br><br>vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>                Defendants. | Adversary No.: 10-05022 |

**DEFENDANT ROYAL JEWELERS' NOTICE OF HEARING AND MOTION TO DISMISS**

      1.      Pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, Royal Jewelers, Inc. ("Royal") moves this Court for an order dismissing Counts III, V, VII, VIII[1] and IX of the Adversary Complaint against Royal.

---

[1] The Adversary Complaint contains two counts identified as "Count VII." References in this Motion to Count VII are references to the first "Count VII" of the Adversary Complaint, which seeks equitable subordination. References in this Motion to Count VIII are references to the second "Count VII" of the Adversary Complaint, which seeks equitable disallowance.

2. The Court will hold a hearing on this motion on August 18, 2010, at 2:00 pm before the Honorable Robert J. Kressel, United States Bankruptcy Court, Courtroom 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served not later than August 13, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED< THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this court.

5. This motion arises under Rules 8(a)(2), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and Rules 7008(a), 7009, and 7012(b) of the Federal Rules of Bankruptcy Procedure.

6. Dismissal of Counts III, V, VII, VIII and IX of Plaintiff's Adversary Complaint is appropriate in that Plaintiff's claims in those counts fail to state claims for which relief may be granted.

7. This motion is based on the pleadings herein and the Memorandum of Facts and Law in Support of Motion to Dismiss of Royal Jewelers, Inc. submitted concurrently herewith.

Dated this 21st day of July, 2010.

**VOGEL LAW FIRM**

BY: _____
Jon R. Brakke (#10765)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
ATTORNEYS FOR ROYAL JEWELERS, INC.
AND RICHARD OLSON

966883.1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>                Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>                Plaintiff,<br><br>   vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>                Defendants. | Adversary No.: 10-05022 |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION TO DISMISS OF ROYAL JEWELERS, INC.**

## I.     INTRODUCTION

Defendant Royal Jewelers, Inc. ("Royal") submits this memorandum in support of the Motion to Dismiss of Royal Jewelers, Inc. (the "Motion").

Plaintiff seeks to recover in Counts III and V of Plaintiff's Adversary Complaint certain alleged transfers from the Debtor to Royal as either preferences under 11 U.S.C. § 547(b) or fraudulent transfers under Minn. Stat. § 513.45(b). Plaintiff also seeks to

equitably subordinate Royal's claims in Count VII[1], to equitably disallow Plaintiff's claim in Count VIII and certain declaratory relief in County IX of the Adversary Complaint.

Count III relies on the 1 year look back period applicable to transfers to insiders. Similarly, Count V relies on the provision of Minnesota's Uniform Fraudulent Transfer Act that only applies to insiders. Thus, Plaintiff must prove Royal is an insider of the Debtor as an essential element on both Counts III and V.

The equitable subordination and disallowance claims in Counts VII and VIII require proof of fraudulent or inequitable conduct as essential elements.

Even accepting all of the facts alleged in the Adversary Complaint as true, Plaintiff failed to state a claim that Royal is an insider of the Debtor or that Royal engaged in inequitable or fraudulent conduct that is plausible on its face. Moreover, no reasonable inference can be drawn from the facts plead that Royal in an insider or acted inequitably or fraudulently. In addition, Count IX addresses purported liens or security interests in stock or membership interests of the Debtor. Royal has never asserted any such liens or security interests.

Accordingly, Counts III, V, VII, VIII and IX should be dismissed for failing to state a claim upon which relief may be granted.

---

[1] The Adversary Complaint contains two counts identified as "Count VII." References in this memorandum to Count VII are references to the first "Count VII" of the Adversary Complaint, which seeks equitable subordination. References in this memorandum to Count VIII are references to the second "Count VII" of the Adversary Complaint, which seeks equitable disallowance.

## II.     BACKGROUND

Plaintiff alleges that during the 1 year period prior to the commencement of the Debtor's case, the Debtor paid Royal the sum of $85,000 on account of antecedent debt. Complaint, ¶ 92. Plaintiff supports its position that Royal is an insider of the Debtor with a blanket assertion that "The Defendants and Brent Olson had the ability to influence and control the debtor and, as demonstrated herein, exercised such control and influence for Defendants' benefit and to the detriment of all other creditors." Adversary Complaint, ¶ 19. Additional purported support for Plaintiff's position includes the following allegations:

- A.    Royal extended post-petition credit to the Debtor despite being owed in excess of $200,000. Adversary Complaint, ¶ 142(a).

- B.    Royal is owned by the Olson family and Richard Olson is employed by Royal. The Debtor and Richard Olson have a close personal relationship. Adversary Complaint, ¶ 142(b).

- C.    Royal received valuable watches from the Debtor after the commencement of this case and only came forward with the same after becoming concerned that the Trustee would learn about the transfer. Adversary Complaint, ¶ 142(c).

Royal disputes Plaintiff's factual allegations in the Adversary Complaint with respect to Royal, the alleged transfers to Royal and the relationship between Royal and the Debtor. Even assuming those allegations are true, a blanket conclusion that Royal exercised control over the Debtor is not sufficient. Alleging that Royal extended post-petition credit, that Richard Olson has a close personal relationship with the Debtor and that Royal received watches from the Debtor does not create a reasonable inference that Royal exercised control over the Debtor. Plaintiff failed to raise a plausible claim that Royal is an insider of the Debtor and Counts III and V should be dismissed.

As support for his equitable subordination and disallowance claims in Counts VII and VIII, Plaintiff makes the following conclusory allegations:

A. Defendants knowingly procured the Debtor's breach of the Stand-Still Agreement and tortuously interfered with the same. Adversary Complaint, ¶¶ 163(a), 167(a).

B. Defendants aided and abetted the Debtor's post-petition conversion and concealment of assets. Adversary Complaint, ¶¶ 163(a), 167(b).

C. Defendants' misconduct injured Chrysler Financial and other creditors and conferred and unfair advantage on the Defendants Adversary Complaint, ¶ 164.

D. Defendants knowingly violated 11 U.S.C. § 362. Adversary Complaint, ¶¶ 163(c), 167(c).

Plaintiff has conflated and confused its *potential* causes of action against the other Defendants with its claims against Royal. The Adversary Complaint contains no allegations whatsoever that Royal interfered in any way with the Debtor's relationship with Chrysler Financial, the Stand-Still Agreement or that Royal violated the automatic stay. Moreover, the allegations in the Adversary Complaint that may relate to Royal are conclusory and fail to state a plausible claim for equitable subordination or disallowance and County VII and VII should be dismissed.

Count IX is no way relates to Royal and should also be dismissed. Royal never asserted any lien or security interest in stock or membership interest held by the Debtor.

### III. ARGUMENT AND LAW

Rule 12(b)(6) Standard

In 2007, the U.S. Supreme Court enunciated a new standard for granting a motion to dismiss under Rule 12. In Bell Atlantic Corp. v. Twombly, the U.S. Supreme Court established a new plausibility standard for evaluating complaints subject to a motion to

4

dismiss, putting to rest the "no set of facts" test outlined in Conley v. Gibson. 550 U.S. 544 (2007). In the Twombly opinion, the Supreme Court recognized that Rule 8(a) of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Twombly at 555. The Supreme Court further recognized that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). In fact, the Supreme Court explained that "factual allegations must be enough to raise a right to relief above the speculative." Id.

In 2009, the U.S. Supreme Court issued its opinion in Ashcroft v. Iqbal, in which the Court not only clarified the plausibility test outlined in Twombly, but also made it clear that the plausibility standard applies in all civil actions. Ashcroft v. Iqbal, – U.S. --, 129 S.Ct. 1937 (2009). The Supreme Court explained its ruling in Twombly by reiterating that "'[d]etailed factual allegations are not required, but [Rule 8] does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 *quoting* Twombly, 550 U.S. at 570. The Supreme Court further explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. *citing* Twombly, 550 U.S. at 556. The Supreme Court further explained that '[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

5

In Iqbal, the Supreme Court noted two principles underlie its decision in Twombly, and courts should follow them when evaluating a pleading. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-that the pleader is entitled to relief.' " Id.

The recent decision issued in the case of In re CareAmerica, Inc., 409 B.R. 737, (Bankr. E.D.N.C. 2009) where the bankruptcy judge examined the pleading standard under Twombly and Iqbal for a preference claim under Section 547 is very instructive. In analyzing the insider requirement, the court found that the trustee's complaint included a list of transferees and specifies which transferees were alleged to be insiders. "The mere labeling of transferees as insiders is not enough to establish a reasonable inference of insider status." A Section 547 preference claim alleging insider status must include the basis for asserting that a defendant qualifies as an insider under Section 101(3) and facts showing that the alleged relationship is plausible. Id. at 753

Royal respectfully requests, in accordance with Twombly, Iqbal and CareAmerica, that the Court dismiss Counts III, V, VII, VIII and IX of the Adversary complaint for failure to state any claim for relief that is plausible on its face

**Counts III and V**

Royal is Not a Statutory Insider

In his preference claim in Count III, Plaintiff seeks to avail himself of the 1 year look back period provided by 11 U.S.C. § 547(b)(4)(B) for transfers to insiders. Count V seeks recovery of certain transfers to Royal pursuant to Minn. St. § 513.45(b) which provides: "A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an *insider* for an antecedent debt, the debtor was insolvent at that time, and the *insider* had reasonable cause to believe that the debtor was insolvent." (emphasis added). To state a claim under that statue, Plaintiff must show that Royal is an insider of the Debtor." The definition of "insider" for purposes of Minnesota's Uniform Fraudulent Transfer Act is set forth in Minn. St. § 513.41(7) and is substantially the same of the Bankruptcy Code's definition. Accordingly, the insider analysis for Counts III and V is essentially the same.

The Bankruptcy Code provides that "insider", in the case of an individual debtor, includes: (i) a relative of the debtor or of a general partner of the debtor; (ii) a partnership in which the debtor is a general partner; (iii) a general partner of the debtor; (iv) a corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31)(A). "Insider" also includes "affiliates, or insider of an affiliate as if such affiliate were the debtor." 11 U.S.C. § 101(31)(E).

Royal does not satisfy any of the statutory definitions of a direct insider under 11 U.S.C. § 101(31)(A). Royal is not a natural person so it is not a "relative" of any person. Royal is a corporation, so it is not a partnership in which the Debtor is a general partner. Royal is not a general partner of the Debtor. Royal and the Debtor are not partners in any partnership. Finally, the Debtor is not a director, officer or person in control of Royal.

Royal also does not satisfy any of the statutory definitions of an affiliate insider under 11 U.S.C. § 101(31)(E). An "affiliate" of an individual debtor means a corporation for which the debtor directly or indirectly owns or controls 20% or more of the voting securities. 11 U.S.C. § 101(2)(B). The only potentially relevant entity in which the Debtor has an ownership interest referenced by Plaintiff in the Adversary Complaint is Waterfront Properties, LLC ("Waterfront"). Assuming the definition of "affiliate" applies to Waterfront, even though the definition refers only to corporations and Waterfront is a limited liability company, then Waterfront would be an affiliate and insider of the Debtor. If Royal were an insider of Waterfront, then under the Bankruptcy Code's definition of insider, Royal would be an insider of the Debtor. However, Royal is not an insider of Waterfront and there is absolutely no basis to suggest that it is. The mere fact that Richard Olson is an owner of both Waterfront and Royal, is insufficient to convert Royal into an insider of Waterfront.

Royal is Not a Non-Statutory Insider

Royal acknowledges that the statutory list of insiders is not exclusive. In re Rosen Auto Leasing, Inc., 346 B.R. 798, 804 (8th Cir. BAP 2006).

> "An insider is one who has a sufficiently close relationship with the debtor that his or her conduct should be subject to closer scrutiny than those dealing at arms length with the debtor. An insider is one who does not deal at arm's length with the debtor. Involvement in the day-to-day business of a debtor may elevate a creditor to insider status. However, the creditor would have to exert control over the debtor before gaining insider status. The ability of a creditor to compel payment of a debt is insufficient control to render the creditor an insider. In ascertaining insider status, the closeness of the relationship between the parties is also relevant."

Id.

Plaintiff focuses extensively in the Adversary Complaint on the relationship between Richard Olson, Cornerstone Bank and the Debtor and common ownership of Richard Olson in Cornerstone Bank and Royal. Those facts are irrelevant for determining whether Royal is an insider of the Debtor. The Bankruptcy Code's definition of "insider" and 'affiliate' make that clear. An insider of an individual debtor is either: (i) one of the statutorily defined persons; (ii) a person meeting the foregoing legal test; (iii) an affiliate of the debtor; or (iv) an insider of an affiliate of a debtor.

As shown above, Royal is not a statutory insider. Neither Cornerstone Bank, Richard Olson nor Royal meet the statutory definition of an affiliate of the Debtor and are not insiders of the Debtor on account of affiliate status. Because Cornerstone Bank, Richard Olson and Royal are not affiliates an inquiry into whether they are insiders of each other is irrelevant. The only potential affiliate of the Debtor that conceivably is relevant is Waterfront. However, there is absolutely no basis to conclude Royal is an insider of Waterfront.

Accordingly, the only question is whether the relationship between Royal and the Debtor satisfies the insider test set forth in In re Rosen. It does not. In deciding that question the Court should focus exclusively on the relationship between Royal and the Debtor and disregard the irrelevant facts concerning the relationship between the Debtor, Cornerstone Bank and Richard Olson.

The Adversary Complaint essentially includes only 3 facts to support Royal's alleged insider status: (1) Royal extended post-petition credit to the debtor; (2) the Debtor is a longstanding customer of Royal and employees or owners of Royal have a longstanding personal relationship with the Debtor; and (3) after the commencement of this case Royal accepted watches from the Debtor.

9

As explained above, the relationship between Richard Olson and the Debtor is not relevant to the inquiry. Thus, Plaintiff is left with the extension of post-petition credit, the receipt of watches and the longstanding customer relationship to support the alleged insider status. Those facts are insufficient. A creditor must exert control over a debtor to gain insider status. Id.; In re Eccles, 393 B.R. 845, 856 (Bankr. W.D. Mo. 2008) ("The fact that a creditor and a debtor are friends is insufficient to transform the creditor into an insider; some degree of control or significant influence is necessary.").

The Adversary Complaint fails to allege any facts demonstrating, or reasonably inferring, that Royal exercised any control whatsoever over the Debtor. Any facts purporting to allege that the other Defendants exercised control over the Debtor are irrelevant. Moreover, the Plaintiff failed to allege any facts showing the transactions between Royal and the Debtor were not at arms length. Considering all of the allegations in the Adversary Complaint as true, and all reasonable inferences from those facts, Plaintiff failed to make a plausible case that royal is an insider of the Debtor. Royal's insider status is an essential element of Plaintiff's preference claim and of Plaintiff's fraudulent transfer claim. Counts III and V of the Complaint should be dismissed.

**<u>Counts VII and VIII</u>**

Counts VII and VIII seek to equitably subordinate and disallow Royal's claims.

Section 501 of the Bankruptcy Code provides that a court may equitably subordinate a claim under principles of equitable subordination. 11 U.S.C. § 501(c). To be entitled to equitable subordination, Plaintiff must prove that: (1) the claimant engaged in inequitable or fraudulent conduct, (ii) which resulted in injury to creditors or provided an unfair advantage to claimant, and (iii) equitable subordination is consistent with other provisions of the

Bankruptcy Code. Kaler v. Bala (In re Racing Services, Inc.), 386 B.R. 751, 755 (B.A.P. 8th Cir. 2008) (citations omitted); Ries v. Firstar Bank Milwaukee, N.A. (In re Spring Grove Live Stock Exchange); 205 B.R. 149, 162 (Bankr. D. Minn. 1997) (citations omitted).

Plaintiff clearly failed to plead facts sufficient to establish fraud. Rule 9(b) requires Plaintiff to state with particularity the circumstances constituting fraud. Plaintiff failed to do so. Allegations that Royal extended post-petition credit or received a box of watches are inadequate to establish fraud or inequitable conduct. Moreover, those allegations are insufficient to show injury to creditor or that Royal received an unfair advantage. Plaintiff failed to plead facts giving a reasonable inference that Royal acted fraudulently or inequitable or that its actions inured creditor or conferred an unfair advantage on it, all essential elements to Counts VII and VIII. Accordingly, those counts she be dismissed against Royal.

**Count IX**

Count IX is inapplicable to Royal and should be dismissed. Count IX relates to liens and security interests never asserted by Royal.

### IV. CONCLUSION

Counts III and V of the Adversary Complaint depend on Royal being an insider of the Debtor. Control is an essential requirement for a person to be a non-statutory insider. However, Plaintiff alleged no facts establishing or reasonably inferring a plausible case that Royal exercised any control over the Debtor or that the transactions between the Debtor and Royal were not at arms length. Moreover, Counts VII and VIII require s showing of fraud or inequitable conduct and injury to creditor or unfair advantage to Royal. Plaintiff failed to make a plausible case establishing those elements.

11

By failing to plead facts establishing Royal as an insider of the debtor and that Royal acted fraudulently or inequitably and that Royal's conduct inured creditors or conferred an unfair advantage on it,, Plaintiff failed to state a claim in Counts III, V, VII and VIII for which relief can be granted. Count IX is completely inapplicable to Royal. Accordingly, Counts III, V, VII, VIII and IX of the Adversary Complaint should be dismissed.

Dated this 21st day of July, 2010.

**VOGEL LAW FIRM**

BY: /s/ Jon R. Brakke_____
Jon R. Brakke (#10765)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
ATTORNEYS FOR ROYAL JEWELERS, INC.
AND RICHARD OLSON

966882.3

12

**Dennis E. Hecker, Bankruptcy No. 09-50779**
**Randal L. Seaver, Trustee v. Cornerstone Bank, Royal Jewelers, Inc. Cornerstone Holding Company, Inc. and Richard Olson**
**Adversary 10-05022**
**Chapter 7 Case**

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) ss | **CERTIFICATE OF SERVICE** |
| COUNTY OF CASS | ) | |

     Sonie J. Thompson, being first duly sworn on oath, does depose and say: She is of legal age and not a party to or interested in the above entitled matter.

     On July 21st, 2010, affiant served the following documents:

1. Defendant Royal Jewelers' Notice of Hearing and Motion to Dismiss;

2. Memorandum of Facts and Law in Support of Motion to Dismiss of Royal Jewelers, Inc.;

3. Proposed Order regarding Defendants Royal Jewelers, Inc.'s Motion to Dismiss.

by CM/ECF to all persons listed through the Court's database in regards to this case and the following:

                                                    /s/ Sonie J. Thompson
                                                  Sonie J. Thompson

Subscribed and sworn to before me this 21st day of July, 2010.

                                                  /s/Karen Blixt
                                                  Notary Public

(SEAL)

968362.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>     Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>     Plaintiff,<br><br>vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>     Defendants. | Adversary No.: 10-05022 |

## ORDER REGARDING DEFENDANTS ROYAL JEWELERS, INC.'S MOTION TO DISMISS

The court heard the Motion to Dismiss by Royal Jewelers, Inc. on August 18, 2010 at 2:00 pm. Appearances are noted on record.

IT IS ORDERED

1. That Defendant Royal Jewelers, Inc.'s Motion to Dismiss is granted.

2. The claims against Royal Jewelers, Inc. are dismissed with prejudice.

DATED:_____

                 _____
                 Robert J. Kressel
                 United States Bankruptcy Judge

968404.1