UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>               Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>               Plaintiff,<br><br>     vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>               Defendants. | Adversary No.: 10-05022 |

**NOTICE OF HEARING AND
MOTION OF RICHARD OLSON FOR SUMMARY JUDGMENT**

1.      Pursuant Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, Richard Olson ("Olson") moves this Court for an order dismissing Counts II, VII, VIII[1] and IX of the Adversary Complaint against Olson.

---

[1] The Adversary Complaint contains two counts identified as "Count VII." References in this Motion to Count VII are references to the first "Count VII" of the Adversary Complaint, which seeks equitable subordination. References in this Motion to Count VIII are references to the second "Count VII" of the Adversary Complaint, which seeks equitable disallowance.

2. The Court will hold a hearing on this motion on September 30, 2010 at 2:30 p..m. before the Honorable Robert J. Kressel, United States Bankruptcy Court, Courtroom 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served not later than September 25, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This motion arises under Rule 56of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure.

6. This motion is based on the pleadings herein and the Memorandum of Facts and Law in Support of Motion for Summary Judgment and the Affidavit of Richard Olson submitted concurrently herewith.

Dated this 23rd day of August, 2010.

**VOGEL LAW FIRM**

BY: /s/ Jon R. Brakke
Jon R. Brakke (#10765)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: (701) 237-6983
Fax: (701) 476-7676
ATTORNEYS FOR RICHARD OLSON

978904.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>　　　　　　Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc.,<br>Cornerstone Holding Company, Inc. and<br>Richard Olson,<br><br>　　　　　　Defendants. | Adversary No.: 10-05022 |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I.　　INTRODUCTION

Defendant Richard Olson ("Olson") submits this memorandum in support of his Motion for Summary Judgment (the "Motion"). As additional support for the Motion, Olson submits the Affidavit of Richard Olson ("Olson Affidavit").

In Count II of Plaintiff's Adversary Complaint, Plaintiff seeks to avoid a prepetition transfer of $10,980.86 by the Debtor to Olson on or about March 31, 2009 (the "Olson Transfer") as a preference under 11 U.S.C. § 547(b) and to recover the Olson Transfer from Olson pursuant to 11 U.S.C. § 550(a).

Assuming that Plaintiff can establish all of the elements of a preference, pursuant to 11 U.S.C. § 547(c)(4) Plaintiff is prohibited from recovering the Olson Transfer to the extent Olson extended new value to the Debtor after the date of the Olson Transfer. Olson did in fact extend significant new value to the Debtor after the date of the Olson Transfer, the amount of which was well in excess of the amount of the Olson Transfer. Accordingly, Plaintiff is not entitled to recover any portion of the Olson Transfer.

Plaintiff seeks equitable disallowance and subordination of Olson's claims in Counts VII and VIII.[1] Olson has not filed any claims in this case. Accordingly, the relief sought by Plaintiff in Counts VII and VIII is not available.

Finally, in Count IX of the Adversary Complaint, Plaintiff seeks declaratory relief with respect to the nature of liens allegedly claimed by the "Defendants" in certain stock or membership interests owned by the Debtor. Count IX is inapplicable to Olson. Olson does not assert any lien in the stock or membership interests owned by the Debtor.

There are no genuine issues of material fact in dispute with respect to Plaintiff's claims against Olson and Olson is entitled to summary judgment in his favor on Counts II, VII, VIII and IX of the Adversary Complaint.

## II.  UNCONTESTED FACTS

The Debtor, Olson and Brent Olson are members of Waterfront Properties of AZ, LLC, an Arizona limited liability company ("Waterfront"). <u>Olson Affidavit</u>, ¶ 2. The Debtor owns 50% of the membership interests in Waterfront, Olson owns 25% of the

---

[1] The Adversary Complaint contains two counts identified as "Count VII." References in this memorandum to Count VII are references to the first "Count VII" of the Adversary Complaint, which seeks equitable subordination. References in this memorandum to Count VIII are references to the second "Count VII" of the Adversary Complaint, which seeks equitable disallowance.

2

membership interests in Waterfront and Brent Olson owns 25% of the membership interests in Waterfront. Olson Affidavit, ¶ 3.

In 2008, Waterfront acquired a condominium in "The Waterfront" condominium development in Scottsdale, Arizona (the "Condominium"). Olson Affidavit, ¶ 4.

Waterfront financed the acquisition of the Condominium in part with a loan (the "Loan") from Bremer Bank ("Bremer"). Olson Affidavit, ¶ 5. Waterfront is obligated to make quarterly payments of $49,627.96 to Bremer on the Loan. Id.

The members of Waterfront are obligated to fund payment of Waterfront's expenses (including payments on the Loan) on a pro rata basis based upon their respective membership interests. Olson Affidavit, ¶ 6.

The Debtor failed to pay his pro rata share of Waterfront's expenses. Olson Affidavit, ¶ 7. Olson made the Debtor's pro rata payments of the Loan and other Waterfront expenses for which the Debtor was responsible. Id.

In early 2009, there was a reconciliation of the amounts owed by the members of Waterfront. Olson Affidavit, ¶ 8. The net result of that reconciliation was that the Debtor owed Olson $10,980.86. Id. The Olson Transfer was made in connection with that reconciliation in late March of 2009 (the "Olson Transfer Date"). Id.

Following the Olson Transfer Date, the Debtor continued failing to pay his pro rata share of the quarterly payments due under the Loan and Olson continued to pay the Debtor's pro rata share for the Debtor's benefit. Olson Affidavit, ¶ 9.

In addition, following the Olson Transfer Date, Olson paid the Debtor's pro rata share of condominium fees with respect to the Condominium. Olson Affidavit, ¶ 10.

From the Olson Transfer Date through the date hereof, Olson advanced new value for the benefit of the Debtor in the form of payments of the Debtor's pro rata share of the quarterly payments on the Loan and condominium fees in excess of $33,700. (collectively, the "New Value Advances").  Olson Affidavit, ¶¶ 11 and 12.  None of the New Value Advances made by Olson for the benefit of the Debtor after the Olson Transfer Date are collateralized by any security interest.  Olson Affidavit, ¶ 11.  The Debtor did not make any transfer to or for the benefit of Olson on account of the New Value Advances.  Id.

Olson has not filed any claim in the Debtor's bankruptcy case and does not assert any lien in any stock or membership interests owned by the Debtor.  Olson Affidavit, ¶ 13.

### III.  ARGUMENT AND LAW

A.  Summary Judgment Standard

The entry of summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c).[2]  A party opposing a motion for summary judgment may not rest on mere denials in the party's pleadings, but must, by affidavit or otherwise, present evidence of specific facts showing the existence of an issue for trial.  F.R.Civ.P. 56(e).  Only disputes as to facts determinative of claims in a case will preclude the grant of summary judgment. Even as to material facts, the evidence must show the dispute is more than a matter of conjecture or theory before the grant of summary judgment is precluded

There are no genuine issues of material fact with respect to Plaintiff's claims against Olson and Olson is entitled to judgment in his favor as a matter of law.

---

[2] Rule 7056 of the Federal Rules of Bankruptcy Procedure make Rule 56 of the Federal Rules of Civil Procedures applicable to this adversary proceeding.

B.  Count II.

1.  Olson Gave New Value in Excess of the Amount of the Olson Transfer.

Section 547(c) of the Bankruptcy Code sets forth various defenses to the avoidance of alleged preferential transfers under 11 U.S.C. § 547(b).  Even if a transfer is avoidable as a preference under 11 U.S.C. § 547(b), a "creditor may escape preference liability by proving that it falls within one of the exceptions set forth in § 547(c).  In re Jones Truck Lines, Inc., 130 F.3d 323, 326 (8th Cir. 1997).

The new value defense set forth in 11 U.S.C. § 547(c)(4) applies in this case.  The new value defense requires a netting out of the allegedly preferential transfer (the Olson Transfer) and any subsequent new value received by the debtor from the creditor.  In re Chez Foley, Inc., 211 B.R. 25, 28 (Bankr. D. Minn. 1997).  The New Value Advances by Olson to the Debtor greatly exceed the Olson Transfer and the result is that Plaintiff may not avoid any portion of the Olson Transfer.

Section 547(c)(4) provides that a trustee may not avoid a transfer "to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor – (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor."  11 U.S.C. § 547(c)(4).

The New Value Advances made by Olson meet all of the statutory requirements for the new value defense.

By making the New Value Advances, Olson gave new value as defined in 11 U.S.C. § 547(a)(2).  The New Value Advances were payments of money.  There can be no dispute that the payment of money is new value within the meaning of the statutory definition.  In re

5

Bellanca Aircraft Corp., 56 B.R. 339, 393 (Bankr. D. Minn. 1985) ("Upon a plain reading of section 547(a)(2) it cannot reasonably be disputed that … payments of money were clearly intended by Congress to constitute new value.").

The New Value Advances also were made for the benefit of the Debtor. The New Value Advances satisfied obligations of the Debtor. The fact that the New Value Advances were not made directly to the Debtor is irrelevant to Olson's entitlement to the new value defense. Id. ("Section 547(a)(2) contains no requirement that a payment must be made to the debtor. A debtor's relationship to new value only becomes relevant in determining the *effect* of a new value transfer. Thus, a payment of new value from a creditor to a debtor has the effect in certain circumstances of offsetting an otherwise avoidable preferential transfer. Similarly, upon a strict reading of the statutory language, a creditor is also entitled to such an offset when new value is paid not to the debtor, but for the debtors' benefit.").

The New Value Advances are not secured by any security interest. Olson Affidavit, ¶ 11. Finally, the Debtor did not make any transfer to or for the benefit of Olson on account of the New Value Advances. Id.

Olson is entitled to the protection provided by the new value defense and to offset the value of the New Value Advances against the Olson Transfer. The New Value Advances total more than $33,700. Olson Affidavit, ¶¶ 11 and 12. The Olson Transfer was less than $11,000. Accordingly, the entire amount of the Olson Transfer is set off by the New Value Advances and Plaintiff may not avoid any portion of the Olson Transfer.

2. Because the Olson Transfer is Not Avoidable, it is Not Recoverable under 11 U.S.C. § 550(a).

Section 550(a) of the Bankruptcy Code permits the trustee to recover transfers avoided under 11 U.S.C. § 547 from certain transferees. However, as shown above, the Olson Transfer is not avoidable under 11 U.S.C. § 547 and is therefore not recoverable by Plaintiff under 11 U.S.C. § 550(a). Accordingly, Plaintiff's claim for recovery of the Olson Transfer fails as a matter of law.

C. Counts VII and VIII

Counts VII and VIII of the Adversary Complaint seek to equitably subordinate and disallow Olson's claims. Olson has not filed any claim in this case, rendering Counts VII and VIII inapplicable. Olson Affidavit, ¶ 13. Summary judgment in favor of Olson on those counts is appropriate.

D. Count IX

Count IX is inapplicable to Olson and summary judgment in favor of Olson is appropriate. Olson does not assert any lien in the stock or membership interests owned by the Debtor. Olson Affidavit, ¶ 13.

IV. CONCLUSION

Olson is entitled to summary judgment in his favor on Counts II, VII, VIII and IX of the Adversary Complaint. Plaintiff's preference claim in Count II fails. Olson extended new value with a value of more than 10 times the value of the Olson Transfer. Counts VII and VIII for equitable subordination and disallowance fail because Olson did not file a claim in the Debtor's bankruptcy case. Thus, there are no claims to equitably subordinate or disallow. Finally, Count IX fails because it is completely inapplicable to Olson.

7

Dated this 16th day of August, 2010.

**VOGEL LAW FIRM**

BY: /s/ Jon R. Brakke
    Jon R. Brakke (#10765)
    218 NP Avenue
    PO Box 1389
    Fargo, ND 58107-1389
    Telephone: (701) 237-6983
    Fax: (701) 476-7676
    ATTORNEYS FOR ROYAL JEWELERS, INC.
    AND RICHARD OLSON

976865.1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>        Debtor. | Case No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>        Defendants. | Adversary No.: 10-05022 |

## AFFIDAVIT OF RICHARD OLSON

I, Richard Olson, being duly sworn on oath, state the following:

1. I make this affidavit on my personal knowledge and belief and in support of my Motion for Summary Judgment.

2. Dennis E. Hecker (the "Debtor"), Brent Olson and I are members of Waterfront Properties of AZ, LLC, an Arizona limited liability company ("Waterfront").

3. The Debtor owns 50% of the membership interests in Waterfront, I own 25% of the membership interests in Waterfront and Brent Olson owns 25% of the membership interests in Waterfront.

4. In 2008, Waterfront acquired a condominium in "The Waterfront" condominium development in Scottsdale, Arizona (the "Condominium").

5. Waterfront financed the acquisition of the Condominium in part with a loan (the "Loan") from Bremer Bank ("Bremer"). Waterfront is obligated to make quarterly payments of $49,627.96 to Bremer on the Loan.

6. The members of Waterfront are obligated to fund payment of Waterfront's expenses (including payments on the Loan) on a pro rata basis based upon their respective membership interests.

7. The Debtor failed to pay his pro rata share of Waterfront's expenses. I made the Debtor's pro rata payments of the Loan and other Waterfront expenses for which the Debtor was responsible.

8. In early 2009, there was a reconciliation of the amounts owed by the members of Waterfront. The net result of that reconciliation was that the Debtor owed me $10,980.86. The Debtor paid me $10,980.86 in connection with that reconciliation in late March of 2009 (the "Olson Transfer Date").

9. Following the Olson Transfer Date, the Debtor continued failing to pay his pro rata share of the quarterly payments due under the Loan and I continued to pay the Debtor's pro rata share for the Debtor's benefit.

10. In addition, following the Olson Transfer Date, I paid the Debtor's pro rata share of condominium fees with respect to the Condominium.

11. From the Olson Transfer Date through the date hereof, I advanced new value for the benefit of the Debtor in the form of payments of the Debtor's pro rata share of the quarterly payments on the Loan and condominium fees in excess of $33,700.00. (collectively, the "New Value Advances"). None of the New Value Advances made by me for the benefit of the Debtor after the Olson Transfer Date are secured by any security

interest. The Debtor did not make any transfer to or for the benefit of me on account of the New Value Advances.

12. The New Value Advances consist of the following:

| QUARTERLY PAYMENTS WITH RESPECT TO THE LOAN: | DATE PAID: |
|---|---|
| $24,813.98 | June 1, 2009 |
|  |  |
| **CONDOMINIUM FEES:** | **DATE PAID:** |
| $1,473.99 | 04/01/2009 |
| $2,985.97 | 05/01/2009 |
| $4,489.26 | 06/01/2009 |

13. I have not filed any claim in the Debtor's bankruptcy case and do not assert any lien in the stock or membership interests owned by the Debtor.

FURTHER AFFIANT SAYETH NOT.

Dated this 17th day of August, 2010.

_____
Richard Olson

STATE OF North Dakota )
                      )ss.
COUNTY OF Cass        )

This affidavit was acknowledged before me this 17th day of August, 2010 by Richard Olson.

SONIE J. THOMPSON
Notary Public
State of North Dakota
My Commission Expires Aug. 13, 2016

_____
Notary Public

976870.2

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis Hecker,<br><br>      Debtor. | Case No.: 09-50779<br><br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>      Plaintiff,<br><br> vs.<br><br>Cornerstone Bank, Royal Jewelers, Inc., Cornerstone Holding Company, Inc. and Richard Olson,<br><br>      Defendants. | Adversary No.: 10-05022 |

**ORDER**

The motion of the Defendant, Richard Olson, for summary judgment came on before this Court for consideration September 30, 2010 at 2:30 p.m. Appearances were as noted in the record. Based on all the files and pleadings herein, this Court believes no material dispute exists with respect to the facts determinative of the Defendant Richard Olson's liability to the Plaintiff. Based on the uncontested facts the Defendant Richard Olson is entitled to judgment as a matter of law with respect to Plaintiff's claims against him.

THEREFORE, IT IS THE ORDER OF THIS COURT, that Plaintiff's complaint and the claims stated therein against the Defendant Richard Olson are dismissed with prejudice. The Defendant Richard Olson is entitled to recover his taxable costs and disbursements.

Dated this _____ day of _____ 2010.

BY:

_____
Robert J. Kressel
Judge of the U.S. Bankruptcy Court

987626.1