# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Bky. No.: 09-50779

Dennis E. Hecker,

Chapter 7

Debtor.

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into among and between the following parties:

- RANDALL L. SEAVER, in his capacity as trustee for the Chapter 7 Estate of Dennis E. Hecker (the "Trustee");

- CORNERSTONE BANK, a North Dakota state bank with a business address of 2280 45th Street South, Fargo, North Dakota 58104 (the "Bank");

- CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation ("Holding"); and

- BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company ("Blackstone").

The Bank, Holding and Blackstone are hereafter collectively referred to as "Cornerstone."

## RECITALS

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case; and

WHEREAS, there is presently pending in the United States Bankruptcy Court for the District of Minnesota an adversary proceeding under the caption *Randall L. Seaver v. Cornerstone Bank, et al.*, Adv. No. 10-5022 (RJK) (the "Cornerstone Adversary"); and

WHEREAS, in the Cornerstone Adversary, the Trustee has asserted claims to avoid and recover certain prepetition transfers from the Debtor and entities owned or controlled by the

Debtor to Cornerstone (the "Transfers") and for the equitable subordination or disallowance of Cornerstone's claims herein pursuant to applicable provisions of the Bankruptcy Code and state law; and

WHEREAS, Cornerstone denies receipt of any avoidable transfers or that it otherwise engaged in wrongdoing in connection with any prepetition transfers from the Debtor or entities owned or controlled by the Debtor and further alleges the Trustee lacks standing to assert any claim with respect to a number of the Transfers; and

WHEREAS, one of the prepetition transfers from the Debtor to Cornerstone at issue in the Cornerstone Adversary involved the granting of a security interest in all of the Debtor's general intangibles, including rights to payment; and

WHEREAS, by virtue of the security interest in Debtor's general intangibles, Cornerstone has claimed a lien and security interest in and to the proceeds derived from a settlement related to the Trustee's sale of the Debtor's Brainerd Toyota dealership, which claim is currently the subject of an appeal initiated by Cornerstone and presently pending in the United States District Court for the District of Minnesota under the caption *Cornerstone Bank, et al. v. Randall L. Seaver*, Case No. 09-cv-03645 (the "Appeal"); and

WHEREAS, on or about August 30, 2010, the District Court issued its Memorandum Opinion and Order Affirming the Bankruptcy Court Order in the Appeal, and finding that Cornerstone has no entitlement to the proceeds derived from the subject settlement (the "Ruling");

WHEREAS, by virtue of the security interest in Debtor's general intangibles, Cornerstone has claimed a lien and security interest in and to any proceeds that may be derived from the sale of the condominium unit at issue in an adversary proceeding presently pending in

2

the United States Bankruptcy Court for the District of Minnesota under the caption *Seaver v. Jacob Holdings of Ventanas, LLC, at al.*, Bky. No. 09-5042 (the "Ventanas Adversary"); and

WHEREAS, the Trustee believes that continued litigation with Cornerstone in pursuit of the avoidance and recovery of the Transfers in the Cornerstone Adversary, the Appeal, and the Ventanas Adversary would be time-consuming and expensive and result in the depletion of assets of the estate with no guarantee of success; and

WHEREAS, the Trustee and Cornerstone have reached a settlement of their disputes related to the Transfers in the Cornerstone Adversary, the Appeal, and the Ventanas Adversary upon the terms set forth below; and

WHEREAS, the Trustee believes that the settlement set forth below is in the best interests of creditors and the bankruptcy estate.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and undertakings of the parties as set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereto hereby acknowledge.

IT IS HEREBY AGREED:

1.     Avoidance of Transfers. Except as set forth in Paragraph 2 below, the security interest granted to Cornerstone in Debtor's personal property, including all inventory, chattel paper, accounts, equipment and general intangibles as more fully described in that certain Commercial Security Agreement dated as of December 15, 2008, shall be avoided and recovered by the Trustee pursuant to 11 U.S.C. §§ 547, 548 and 550 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

2.     Retention of Certain Payments. Notwithstanding the provisions of Paragraph 1, the Bank shall be entitled to retain all funds it has received to date in relation to (a) the sale of six

3

(6) Mikden entities, including Clearwater Retail Center, LLC, Michael Holdings of Baxter, LLC, Mikden of Oakdale, LLC, Mikden, LLC, Mikden of Minnetonka, LLC, and Mikden of Stillwater, LLC; and (2) the settlement between Bank, Hogrider Investments, LLC, and Debtor of a loan from the Bank to Hogrider Investments, LLC.

3.     <u>Relinquishment of Appeal Rights</u>. Upon entry of an order from this Court approving this Settlement, Cornerstone agrees that it will not further appeal or take any other action to set aside or otherwise seek relief from the Ruling in the Appeal. Cornerstone hereby releases and relinquishes to the Trustee any claim Cornerstone might otherwise have to any proceeds derived from the Trustee's settlement that is the subject of the Appeal.

4.     <u>Dismissal of Claims in Adversary Proceedings</u>. The Trustee shall cause to be dismissed all claims against Cornerstone, and Cornerstone shall cause to be dismissed all claims against the Trustee and/or the Estate of Dennis E. Hecker, which any of the parties to this Agreement asserted or could have asserted in the Cornerstone Adversary or the Ventanas Adversary.

5.     <u>Assignment of Collection Rights and Judgments</u>. Cornerstone shall assign to the Trustee all of Cornerstone's right, title and interest in and to the following judgments and causes of action and in and to the underlying loan documents and security interests, if any:

- *Cornerstone Bank, et al. v. DEH Funding LLC*, 09-2010-CV-00241 ($3,172,304.75 judgment entered in Cass County, North Dakota District Court on January 28, 2010).

- *Cornerstone Bank, et al. v. Snapdragon's Ventures, LLC*, 27-CV-10-10142 ($481,126.26 judgment entered in Hennepin County, Minnesota on July 1, 2010).

- *Cornerstone Bank, et al. v. Denny Hecker & Holmers Commercial Real Estate Company*, 27-CV-10-1629 ($200,316.71 judgment entered in Hennepin County, Minnesota on August 8, 2010).

- *Cornerstone Bank, et al. v. Denny Hecker Real Estate Company, LLC, et al.*, 27-CV-10-1775 ($463,478.50 judgment entered in Hennepin County, Minnesota on August 2, 2010).

4

- *Cornerstone Bank, et al. v. Denny Hecker Real Estate Company, LLC, et al.*, 27-CV-10-1776 ($2,365,911.65 judgment entered in Hennepin County, Minnesota on August 2, 2010).

- *Cornerstone Bank, et al. v. United States Rent-A-Car*, 27-CV-10-1338 (litigation pending).

Cornerstone agrees to execute and deliver to the Trustee loan documents, security agreements, correspondence between the parties, and pleadings filed with the court, as such documents may be necessary to effect the assignments contemplated in this Paragraph 5. Cornerstone further agrees to cooperate with the Trustee and his counsel to ensure the orderly transition and substitution of parties and counsel in any pending proceedings.

6.  <u>Payment to Cornerstone</u>. Within 15 days of entry of an Order approving this Agreement, the Trustee shall cause the Estate of Dennis E. Hecker to pay to the Bank the sum of $56,124.44.

7.  <u>Release and Waiver of Claims</u>. Cornerstone hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against the Trustee and the Bankruptcy Estate of Dennis E. Hecker. The Trustee, for and on behalf of the Estate of Dennis E. Hecker, hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against Cornerstone, its predecessors, successors, and assigns along with the current and former officers, directors, board members, shareholders, members, employees, agents, representatives, parent corporations, subsidiaries and affiliates, save and except the pending claims against Richard Olson and Royal Jewelers.

8.  <u>No Admission of Fault</u>. Cornerstone's entry into this Agreement shall not be interpreted as an admission of any fault or wrongdoing. This Agreement is entered into in compromise of disputed claims, the validity of which Cornerstone disputes.

9.    <u>Bankruptcy Court Approval</u>. This Agreement shall be construed and interpreted under the laws of the State of Minnesota and all obligations herein are subject to and conditioned upon final approval of the United States Bankruptcy Court. This Agreement is also conditioned upon Bankruptcy Court approval of that certain Settlement Agreement between Cornerstone and Patti L. Sullivan, trustee for the Estate of Jacob Holdings of Stillwater, LLC, in *In re Jacob Holdings of Stillwater, LLC,* Bky. No. 10-44574 (Bankr. D. Minn.). If approval is not obtained by October 1, 2010, this Agreement shall become null and void. In the interim, the parties to this Agreement agree to stay and indefinitely extend all appeal deadlines and pending discovery deadlines in the Cornerstone Adversary, Appeal, and Ventanas Adversary. The parties further stipulate to indefinitely extend the time to answer the Trustee's Complaint in the Cornerstone Adversary.

10.    <u>Further Assurances</u>. Should any additional instruments be necessary or desirable to accomplish the purpose of this Agreement, such additional instruments will be promptly executed and delivered upon the request of the other party. The Trustee shall, immediately upon execution of this Agreement, take such actions as are necessary to obtain an order, in form and substance acceptable to the parties, approving this Agreement.

11.    <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which, upon execution, shall constitute but one and the same Agreement.

12.    <u>Complete Agreement</u>. It is specifically understood and agreed that the consideration recited herein is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims, and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

Dated: 9-1-10

_____
Randall L. Seaver, Trustee

Dated: 9-1-10

CORNERSTONE BANK, a North Dakota corporation.

By: _____

Its: Chairman / CEO

Dated: 9-1-10

CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation.

By: _____

Its: Chairman

Dated: 9-1-10

BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company

By: _____

Its: Agent

iManage\1284109.3-APM

7